| |
|---|
| **Kuks v Board of Educ. of the City Sch. Dist. of the City of N.Y.** |
| 2024 NY Slip Op 32166(U) |
| June 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161941/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>**HON. LYLE E. FRANK**</u> | **PART**        **11M** |
|                                      *Justice* | |

-----------------------------------------------------------------------------X

KIM KUKS,

Plaintiff,

- v -

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, DAVID C.
BANKS, IN HIS OFFICIAL CAPACITY AS CHANCELLOR
OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW
YORK

Defendant.

-----------------------------------------------------------------------------X

| |
|---|
| **INDEX NO.**      <u>161941/2023</u> |
| **MOTION DATE**      <u>12/08/2023</u> |
| **MOTION SEQ. NO.**      <u>001</u> |
| |
| **DECISION + ORDER ON MOTION** |

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15, 19, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 42, 43, 44

were read on this motion to/for          <u>ARTICLE 78 (BODY OR OFFICER)</u>    .

       This petition arises out Respondent's issuance to Petitioner, a tenured English as a Second Language teacher, of an Unsatisfactory Rating ("U-Rating") for work she performed during the 2022 Summer Rising Program ("Summer Rising") at P.S. 20.[1]  Petitioner argues that the rating was arbitrary and capricious, issued without proper notice or documentation, and that the rating and appeal process violated established rules and procedures.  Respondents, the Board of Education of City School District for the City of New York, operating as the New York City Department of Education ("DOE") and David C. Banks, in his official capacity as Chancellor of City School District of the City of New York, oppose the instant petition.  For the reasons set forth below the petition is denied.

*Background*

---

[1] The Court would like to thank Frederick Jackson for his assistance in this matter.

**161941/2023   KUKS, KIM vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Petitioner, a tenured ESL teacher employed by the DOE from 2007 until her retirement on July 27, 2023, worked at P.S. 46 from September 2012, to July 2023. During summer 2022, she participated in the DOE's Summer Rising program at P.S. 20, performing per session work.

Evaluated by Principal Baker, the Summer Rising Supervisor at P.S. 20., she received a U-Rating due to issues observed on July 20, 2022, involving classroom management and leaving her class unsupervised on July 26, 2022. Although there was a disciplinary meeting scheduled for July 28, which could have been used to discuss the U-Rating's issuance, Petitioner resigned on July 27 citing health concerns. The program continued until August 11.

Petitioner received her U-Rating for the Summer Rising program via certified mail on August 16, 2022, and promptly appealed it on September 9, 2022. At the March 13, 2023 appeal hearing, Petitioner was represented by counsel, and was allowed to present evidence and cross-examine witnesses. Nonetheless, the appeal was denied on August 10, 2023, and the U-Rating was sustained, citing poor professional performance during the Summer Rising program.

Following her retirement on July 27, 2023, Petitioner filed an Article 78 proceeding on December 6, 2023, challenging the decision to uphold her U-Rating. Throughout the appeal process, the petitioner and her representatives raised several objections regarding the evidence and testimonies presented, including the exclusion of certain documentary evidence and the acceptance of testimonies from individuals who did not directly observe her performance. The proceeding seeks to overturn the decision, citing procedural and evaluative inconsistencies in the handling of her Summer Rising performance review.

*Standard of Review*

**161941/2023   KUKS, KIM vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**      **Page 2 of 4**
**Motion No.  001**

2 of 4

Article 78 review is permitted, where a determination was made that "was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed…." CPLR §7803(3).

"Arbitrary" for the purpose of the statute is interpreted as "when it is without sound basis in reason and is taken without regard to the facts." *Pell v Board of Ed. of Union Free School Dist. No. of the Towns of Scarsdale and Mamaroneck, Westchester Cty.* 34 NY2d 222, 231 [1974].

A court can overturn an administrative action only if the record illuminates there was no rational basis for the decision. *Id.* "Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard." *Id.* If the court reviewing the determination finds that "[the determination] is supported by facts or reasonable inferences that can be drawn from the records and has a rational basis in the law, it must be confirmed." *American Telephone & Telegraph v State Tax Comm'n* 61 NY2d 393, 400 [1984].

It is well established that the court should not disturb an administrative body's determination once it has been established that the decision is rational. See *Matter of Sullivan Cnty. Harness Racing Ass'n, Inc. v Glasser*, 30 NY2d 269 [1972]; *Presidents' Council of Trade Waste Assns. v New York,* 159 AD2d 428, 430 [1st Dept 1990].

*Discussion*

Here, the Court finds Petitioner has failed to establish that Respondent's issuance of the U-Rating was not arbitrary or capricious. The record reflects that the Respondent's decision to issue the U-Rating was appropriate since the Petitioner was found to have clearly violated rules by improperly supervising her classroom and leaving her classroom unattended. Moreover, the Petitioner's contention that U-Rating is improper due to procedural discrepancies is unpersuasive

**161941/2023   KUKS, KIM vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 4**

3 of 4

given that the Petitioner immediately resigned after being informed about the scheduled meeting to discuss the supervision incident. Furthermore, the Court finds that the procedure was appropriate considering that Petitioner still had the opportunity to present evidence, call witnesses, and cross-examine to appeal the U-Rating on March 13, 2023.

As it is well established that the determination of the City must be given deference, the record before the Court is devoid of any interpretation or application of the underlying laws, rules, or policies that are so irrational as to require this Court to intervene. As such, the Court finds that the City's actions were not arbitrary and capricious pursuant to an Article 78 proceeding. Based on the foregoing, it is hereby

ADJUDGED that the petition is denied.

20240626153126LFRANKADD5D79D3BDD4D8D9F18D63300165F96

**6/26/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161941/2023   KUKS, KIM vs. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 4 of 4

[* 4]